# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jonathan Stieglitz #278028<br>11845 W. Olympic Blvd. Suite 800<br>Los Angeles, California 90064<br><br>TELEPHONE NO.: (323) 979-2063   FAX NO.: (323) 488-6748<br>ATTORNEY FOR *(Name):* Jessica Woody | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/07/2023 4:33 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By Y. Ayala, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Jessica Woody v. United Healthcare Insurance Co.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] **Unlimited** | [ ] **Limited** | [ ] **Counter**  [ ] **Joinder** | | 23STCV29964 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [✓] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*  3
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  December 07, 2023

Jonathan Stieglitz
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A, Pg. 5

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit A, Pg. 6

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/07/2023 4:33 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jessica Woody v. United Healthcare Insurance Co. | 23STCV29964 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jessica Woody v. United Healthcare Insurance Co. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☑ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jessica Woody v. United Healthcare Insurance Co. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 10/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jessica Woody v. United Healthcare Insurance Co. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jessica Woody v. United Healthcare Insurance Co. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | 123 Sesame Street |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Los Angeles | CA | 90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Los Angeles</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>12/07/2023</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (10/22).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 10/22
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

Exhibit A, Pg. 11



**CT Corporation**
**Service of Process Notification**
12/11/2023
CT Log Number 545319189

## Service of Process Transmittal Summary

**TO:**   Rebecca Thompson, Legal Svs Spclst
UnitedHealth Group Incorporated (111504190770700600)
9900 BREN RD E STE 300W
MINNETONKA, MN 55343-9693

**RE:**   **Process Served in California**

**FOR:**   UnitedHealthcare Insurance Company (301800099745000000048)  (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jessica Woody vs. United Healthcare Insurance Co. |
| **CASE #:** | 23STCV29964 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/11/2023 at 10:28 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/11/2023, Expected Purge Date: 01/10/2024 |
| | Image SOP |
| | Email Notification,  Administrative Assistant  legalmail@uhg.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Exhibit A, Pg. 12



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Mon, Dec 11, 2023
**Server Name:**                   George Todd

| Entity Served | UNITEDHEALTHCARE INSURANCE COMPANY |
|---|---|
| Case Number | 23STCV29964 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

United Healthcare Insurance Co. and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jessica Woody

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **Electronically FILED by Superior Court of California, County of Los Angeles 12/07/2023 4:33 PM David W. Slayton, Executive Officer/Clerk of Court, By Y. Ayala, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse 111 N. Hill St. Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):* **23STCV29964** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Stieglitz, 11845 W. Olympic Blvd., Suite 800, Los Angeles, California 90064, (323) 979-2063

| DATE: *(Fecha)* 12/07/2023 | Clerk, by *(Secretario)* David W. Slayton, Executive Officer/Clerk of Court Y. Ayala | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* United Healthcare Insurance Co.

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courtinfo.ca.gov* |
|---|---|---|

1   JONATHAN A. STIEGLITZ
    (SBN 278028)
2   jonathan.a.stieglitz@gmail.com
    THE LAW OFFICES OF
3   JONATHAN A. STIEGLITZ
    11845 W. Olympic Blvd., Ste. 800
4   Los Angeles, California 90064
    Telephone:  (323) 979-2063
5   Facsimile:   (323) 488-6748

6   Attorney for Plaintiff
    Jessica Woody

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF LOS ANGELES

11

12  Jessica Woody                    Case No.: 23STCV29964

13                                   **Complaint For:**
                 PLAINTIFF,
14                                   1.   BREACH OF FIDUCIARY DUTY
          v.                              UNDER 29 U.S.C. §1132 (c)(1);
15
    United Healthcare Insurance Co.       and
16  DOES 1-10,
                                     2.   RECOVERY OF BENEFITS
17               Defendant.               UNDER 29 U.S.C. §1132 (a)(1)(B);

18                                        Or in the alternative

19                                   3.   BREACH OF FIDUCIARY DUTY
                                          29 U.S.C. §1132 (a)(3)
20

21                                   **(Jury Trial Requested)**
22                                   **Total Damages - $250,000.00**

23

24

25

26

27

28

                              COMPLAINT

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/07/2023 4:33 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

PLAINTIFF Jessica Woody ("PLAINTIFF" or "Patient" or "Ms. Woody") complains and alleges:

## **PARTIES**

1.     DEFENDANT, UnitedHealthcare Insurance Co. ("DEFENDANT") is and was licensed to do business in and is and was doing business in the State of California. DEFENDANT is, in fact, transacting business in the State of California and is thereby subject to the laws and regulations of the State of California.

2.\     Emsurgcare is and at all relevant times was a medical company, organized and existing under the laws of the State of California. Emsurgcare is and at all relevant times was in good standing under the laws of the State of California.

3.     Emergency Surgical Assistant ("ESA") is and at all relevant times was a medical company, organized and existing under the laws of the State of California. ESA is and at all relevant times was in good standing under the laws of the State of California.

4.     Emsurgcare and ESA together will be referred to as "Medical Providers".

5.     Ms. Woody is and at all relevant times was a resident of the State of California.

6.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to PLAINTIFF, who therefore sues said defendants by such fictitious names. PLAINTIFF are informed and believes and thereon alleges that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and legally caused injury and damages proximately thereby to PLAINTIFF. PLAINTIFF will seek leave of this Court to amend this Complaint to insert their true names and capacities in place and instead of the fictitious names when they become known to it.

- 2 -
COMPLAINT

7.     At all times herein mentioned, unless otherwise indicated, DEFENDANT/s were the agents and/or employees of each of the remaining defendants and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent. At all times herein mentioned, DEFENDANT/s had actual or ostensible authority to act on each other's behalf in certifying or authorizing the provision of services; processing and administering the claims and appeals; pricing the claims; approving or denying the claims; directing each other as to whether and/or how to pay claims; issuing remittance advices and explanations of benefits statements; making payments to Medical Provider and its Patients.

## **GENERAL ALLEGATIONS**

8.     This complaint arises out of the failure of DEFENDANT to make proper payments and/or the underpayment to Medical Providers by DEFENDANT and DOES 1 through 10, inclusive, of amounts due and owing now to Medical Providers for emergency surgical care, treatment and procedures provided to Ms. Woody, who was an insured, member, policyholder, certificate-holder or was otherwise covered for health, hospitalization and major medical insurance through policies or certificates of insurance issued and underwritten by DEFENDANT and DOES 1 through 10, inclusive.

9.     Ms. Woody received insurance through Patient's employer BG BUILDINGWORKS, Inc. ("Employer"). Ms. Woody's plan, however, is fully funded through Defendant. Ms. Woody's receipt of health benefits through Defendant is a significant part of Ms. Woody's compensation from Employer. Ms. Woody obtains insurance through Defendant and Employer for the specific purpose of ensuring that Ms. Woody will have access to medically necessary treatments, care, procedures, and surgeries by medical practitioners like Medical Providers and ensuring that DEFENDANT would pay for the health care expenses incurred by Ms. Woody.

10.     Ms. Woody pays her insurance premiums based on the information provided to her by Defendant and Employer and as she is directed to do by Defendant.

11.     It is standard practice in the health care industry that when medical providers enter into a written preferred provider's contract, medical providers agree to accept reimbursement that is discounted from the medical provider's total billed charges in exchange for the benefits of being preferred or contracted providers.

12.     Those benefits include an increased volume of business because the health plan provides financial and other incentives to its members to receive their medical care and treatments from the contracted providers, such as advertising that the providers are "in network" and allowing the members to pay lower co-payments and deductibles to obtain care and treatment from contracted providers.

13.     Conversely, when medical providers, such as Medical Providers, do not have a written contract or preferred provider agreement, the medical providers receive no referrals.

14.     The medical providers have no obligation to reduce their charges. The health plan is not entitled to a discount from the medical providers' total bill charge for the services rendered, because it is not providing the medical providers with in-network medical providers benefits, such as increased patient volume and direct payment obligations.

15.     Ms. Woody's health plan is governed by the Employee Retirement Income Securities Act of 1974 ("ERISA"). As a result, Ms. Woody contends that her health plan is an ERISA health plan ("ERISA Plan").

16.     The reason why medical providers have chosen to forgo the benefits of a contract with a payor is that, in recent years, many insurers contracted rates for in-network providers have been so meager, one-sided, and onerous, that many providers like Medical Providers have determined that they cannot afford to enter

- 4 -
COMPLAINT

1    into such contracts. As a result, a growing number of medical providers have

2    become non-contracted or out of network providers.

3        17.   PLAINTIFF believes that for non-contracted, out-of-plan, or out-of-

4    network providers, DEFENDANT and others has unlawfully underpaid these

5    providers for the medically necessary and appropriate services they have rendered.

6    PLAINTIFF believe that in some cases DEFENDANT and others has used flawed

7    databases and systems to unilaterally determine what amounts it pays to medical

8    providers and has colluded with other insurers to artificially underpay, decrease,

9    limit, and minimize the reimbursement rates paid for services rendered by non-

10    contracted providers.

11        18.   Medical Providers and its affiliated physicians have a reputation for

12    providing high quality care, surgeries, and procedures. Its charges for services are

13    on par with the charges of other surgeons in the same general area for the same

14    procedures and/or services. Medical Provider's billed charges are usual, reasonable,

15    and customary.

16        19.   In the insurance industry for emergency medical services, the usual,

17    reasonable, and customary amount is determined by looking at what a willing buyer

18    would pay a willing seller. *See Children's Hosp. Cent. Cal. v. Blue Cross of Cal.*,

19    226 Cal. App. 4th 1260, 1274 (2014) (The "reasonable value" of the services has

20    been described as the going rate for the services or the reasonable market value at

21    the current market prices. Reasonable market value, or fair market value, is the

22    price that a willing buyer would pay to a willing seller, neither being under

23    compulsion to buy or sell, and both having full knowledge of all pertinent facts.").

24        20.   According to this standard, Medical Providers billed charges are the

25    usual, reasonable, and customary.

26        21.   Additionally, DEFENDANT has admitted that when Defendant is

27    going to pay for services using the terms usual, reasonable or customary it will

28

1   utilize a medical bill database from Fair Health Inc. to determine the exact dollar

2   amount to be paid for a medical claim.[1]

3        22.    Fair Health Inc. is a database which is available to the public. It is

4   available for purchase when utilized by entities like DEFENDANT and it is

5   available for free in a more limited fashion for use by consumers.[2]

6                       **SPECIFIC FACTS**

7        23.    On March 20, 2020, Medical Providers provided emergency medical

8   services for an appendectomy (procedure code 44970) to Ms. Woody at Marina del

9   Rey Hospital, in Marina del Rey, California.

10       24.    Ms. Woody is entitled to benefits for the medical services she received

11   as an insurer of her ERISA Plan.

12       25.    As the services were emergency medical services, the services were

13   covered under her ERISA Plan.

14       26.    The ERISA Plan specifically lists "Services that required to stabilize

15   or begin treatment in an Emergency" as covered.

16       27.    Ms. Woody had an appendectomy which if not immediately treated

17   could burst and result in death.

18

---

19     [1] United Healthcare, Information on Payment of Out-of-Network Benefits
20   (From July 18, 2019 – May 18, 2021), https://www.uhc.com/legal/information-on-
     payment-of-out-of-network-benefits ("FH, [Fair Health], Benchmarking Database.
21   One of two compilations of information on health care professional charges created
22   by Fair Health and used by affiliates of UnitedHealth Group **to determine**
     **payment** for out-of-network professional services when reimbursed under
23   standards such as 'the reasonable and customary amount,' 'the usual, reasonable
24   and customary amount,' 'the prevailing rate,' or other similar terms that base
     payment on what other healthcare professionals in a geographic area charge for
25   their services."

26     [2] *See* fairhealthconsumer.org, (applicable through December 3, 2023),
     https://www. fairhealthconsumer.org/medical/results (assisting consumers to
27   calculate the amount to be paid for a particular medical procedure)

28

28. The medical procedure was a success. Ms. Woody received the emergency medical services she required.

29. Following the procedure, Emsurgcare billed $45,000.00 for the 44970 to Defendant. Defendant processed the claim (did not deny payment) but paid nothing.

30. Also, following the procedure, ESA submitted a bill of $44,000.00 for procedure code 44970. Defendant processed the claim (did not deny payment) but paid nothing.

31. Pursuant to 29 U.S.C. §1132 (a)(1)(B) DEFENDANT has failed to reimburse Ms. Woody in accordance with the terms of her health Plan.

32. According to Ms. Woody's ERISA Plan payment for emergency medical services is made based on the following:

**For Emergency Health Care Services provided by an out-of-Network provider,** the Allowed Amount is a rate agreed upon by the out-of-Network provider or determined based upon the higher of:

- The median amount negotiated with Network providers for the same service.
- 110% of the published rates allowed by the *Centers for Medicare and Medicaid Services (CMS)* for the same or similar service within the geographic market.
- The amount that would be paid under Medicare (*part A or part B of title XVIII of the Social Security Act, 42 U.S.C. 1395 et seq.*) for the same service.

33. No attempt was made by Defendant to reach "a rate agreed upon by the out-of-Network provider". Defendant never contacted Medical Providers to attempt any form of negotiation.

34. Defendant paid nothing for the services provided by ESA.

35. Defendant paid nothing for the services provided by Emsurgcare.

36. Ms. Woody is owed the proper payment of her benefits.

- 7 -
COMPLAINT

37.   Additionally, and separately, Pursuant to 29 U.S.C. §1132 (a)(3), Defendant breached the terms of the ERISA Plan because Defendant had a fiduciary duty to engage in a negotiation on behalf of Plaintiff with Medical Providers.

38.   Defendant is a fiduciary of the health plan and of Plaintiff.

39.   As fiduciaries, Defendant is obligated to do what is in the best interest of Plaintiff.

40.   "In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan. The people who operate the Plan, called 'fiduciaries' of the Plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries."

41.   Defendant breached its fiduciary duty because it did not act in the interest of Patient in applying benefits under Patient's health plan. The Plan requires Defendant to make sure that Patient is not balance billed for any amount above the Network Rate. Defendant has allowed Patient to be balance billed for an amount greatly in excess of the Network Rate because Defendant only allowed 3% (but did not pay) of Patient's bill with Medical Providers.

42.   Defendant breached its fiduciary duties because it did not act in the interest of Plaintiff in applying benefits under Plaintiff's health plan.

43.   The ERISA Plan has a provision which indicates that Defendant can come to an agreement with Medical Providers to reduce Ms. Woody's costs.

44.   The ERISA Plan has this provision because it allows for Plaintiff to receive care from the health provider of Plaintiff's choosing at the lowest possible cost.

45.   Plaintiff and Medical Providers asked Defendant to negotiate Plaintiff's bills.

46.    Defendant refused to even consider Plaintiff's request or to engage in any negotiation with Medical Providers.

47.    Defendant's outright refusal to even attempt a negotiation with Medical Providers demonstrates a breach of Defendant's fiduciary duty to do what is best for Plaintiff under the terms of the ERISA Plan.

48.    Additionally, and separately, Pursuant to 29 U.S.C. §1132(c)(1), during the appeal process, Medical Providers on behalf of Ms. Woody asked for Defendant to provide the documents and information which supported Defendant's determinations.

49.    Defendant provided Ms. Woody and Medical Providers with no documents. And in connection with ESA, Defendant did not even specifically reference which provision of the ERISA Plan allowed for the denial.

50.    Defendant pursuant to ERISA had an absolute obligation to provide documents and information relating to its denial and processing and payment determinations. *See* 29 U.S.C.S. § 1132(c)(1) (failure to produce documents "within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.").[3]

51.    Ms. Woody exhausted all of her appeals as part of her attempts to obtain a basis for why the ESA claim was denied and why Defendant chose to pay far less than the amount allowed by the ERISA Plan for all of the services provided by Medical Providers.

---

[3] The amount has gone up to $110.00 per day. *See Lawrence v. Motorola Inc.*, 2006 U.S. Dist. LEXIS 63730, at *33 (D. Ariz. Aug. 24, 2006) (citing to 29 C.F.R. § 2575.502c-1)

- 9 -

COMPLAINT

1
## FIRST CAUSE OF ACTION

2
## BREACH OF FIDUCIARY DUTY 29 U.S.C § 1132 (c)(1) FOR FAILURE TO

3
## PRODUCE REQUESTED DOCUMENTS AND INFORMATION

4       52.     Plaintiff incorporates by reference all previous paragraphs as though

5    fully set forth herein.

6       53.     During Plaintiff's appeal process with Defendant, Plaintiff requested

7    documents and information that formed the basis for Defendant's decision making.

8       54.     Defendant has yet to produce any documents in response to Plaintiff's

9    request.

10      55.     As a result, Defendant owes Plaintiff a penalty of $110.00 per day

11   from 30 days after Plaintiff's request until the time of this lawsuit or the time

12   Defendant produces documents.

13
## SECOND CAUSE OF ACTION

14
## ENFORCEMENT UNDER 29 U.S.C § 1132 (a)(1)(B) FOR FAILURE TO

15
## PAY ERISA PLAN BENEFITS

16      56.     Plaintiff incorporates by reference all previous paragraphs as though

17   fully set forth herein.

18      57.     This cause of action is alleged by Plaintiff for relief in connection with

19   claims for medical services rendered in connection with healthcare benefits plans

20   administered and/or underwritten by UHS on behalf of DEFENDANT.

21      58.     Plaintiff seeks to recover benefits and enforce rights to benefits under

22   29 U.S.C. §1132 (a)(1)(B). Plaintiff is a "beneficiary" entitled to collect benefits

23   and is the "claimant" for purposes of the ERISA statute and regulations. ERISA

24   authorizes actions under 29 U.S.C. § 1132 (a)(1)(B) to be brought directly against

25   DEFENDANT the party with actual control over the benefit and payment

26   determinations with respect to medical services.

27

28

- 10 -
COMPLAINT

59.   By reason of the foregoing, Plaintiff is entitled to recover ERISA benefits due and owing in an amount to be proven at trial, and Plaintiff seeks recovery of such benefits by way of the present action.

### THIRD CAUSE OF ACTION

### ENFORCEMENT UNDER 29 U.S.C § 1132 (a)(3) FOR BREACH OF FIDUCIARY DUTY

### (in the alternative as to Plaintiff's Second claim only)

60.   Plaintiff incorporates by reference all previous paragraphs as though fully set forth herein.

61.   This cause of action is alleged by Plaintiff for relief in connection with claims for medical services rendered in connection with healthcare benefits plans administered and/or underwritten by DEFENDANT.

62.   Plaintiff seeks to recover benefits and enforce rights to benefits under 29 U.S.C. §1132 (a)(3). Plaintiff is a "beneficiary" of a health plan for which Defendant is a fiduciary.

63.   There is a remedial wrong.

64.   Defendant owes Plaintiff a fiduciary duty to provide benefits under the health plan in the best manner possible.

65.   Defendant breached its fiduciary duty by ignoring the negotiation provision in the ERISA Plan which would have benefitted Plaintiff.

66.   Defendant is responsible for at least attempting a negotiation with Medical Providers and to prevent Plaintiff from being left to pay Medical Providers.

67.   By reason of the foregoing, Plaintiff asks that the Court order Defendant to pay the full cost of the medical services (as this will address any financial responsibility put upon Plaintiff by Defendant's breach) or at least require Defendants to go back and re-adjudicate Plaintiff's claims including a good faith negotiation with Medical Providers relating to Plaintiff's bill.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Jessica Woody prays for judgment against defendants as follows:

1.    For expectation damages in an amount to be determined, plus statutory interest;

2.    For a declaration that DEFENDANT is obligated to pay Plaintiff all monies owed for services rendered to the Plaintiff;

3.    For DEFENDANT to be ordered to re-adjudicate (full and fair review) Plaintiff's ERISA appeals including but not limited to attempting a negotiation with Medical Providers;

4.    For penalties at $110.00 per day for failing to provide documents upon Plaintiff's request;

5.    For Attorney Fees; and

6.    For such other relief as the Court deems just and appropriate.

Dated: December 7, 2023           LAW OFFICE OF JONATHAN A. STIEGLITZ

By: /s/ Jonathan A. Stieglitz
     JONATHAN A. STIEGLITZ
     Attorneys for PLAINTIFF,
     Jessica Woody

Exhibit A, Pg. 26

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jonathan A. Stieglitz, Esq. (SBN 278028)<br>THE LAW OFFICES OF JONATHAN A. STIEGLITZ<br>11845 Olympic Blvd., Suite 800<br>Los Angeles, CA 90064 | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/15/2023 8:51 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By S. Bolden, Deputy Clerk** |

TELEPHONE NO.: (323) 979-2063          FAX NO. *(Optional):* (323) 488-6748

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Jessica Woody

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

STREET ADDRESS: 111 N. Hill Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Jessica Woody

DEFENDANT/RESPONDENT: United Healthcare Insurance Co.

CASE NUMBER: 23STCV29964

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [x] summons

   b. [x] complaint

   c. [ ] Alternative Dispute Resolution (ADR) package

   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      United Healthcare Insurance Co.

   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Sarai Marin, Authorized To Accept Service Of Process

4. Address where the party was served:
   C.T. Corporation Systems, 330 N. Brand blvd. Suite 700, Glendale, CA 91203

5. I served the party *(check proper box)*

   a. [x] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):* December 11, 2023          (2) at *(time):* 10:29AM

   b. [ ] **by substituted service.** on *(date):*                    at *(time):*                   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*                    from *(city):*                   or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

Exhibit A, Pg. 27

POS-010

| PLAINTIFF/PETITIONER: Jessica Woody | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: United Healthcare Insurance Co. | 23STCV29964 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1)  on *(date):*  (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual defendant.

   b. ☐ as the person sued under the fictitious name of  *(specify):*

   c. ☐ as occupant.

   d. ☒ On behalf of *(specify):* United Healthcare Insurance Co.

   under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7. **Person who served papers**

   a. Name:  George Todd

   b. Address:  14417 Chase Street #187, Panorama City, CA 91402

   c. Telephone number: (818)-515-4620

   d. **The fee** for service was: $ 25.00

   e. I am:

   (1) ☐ not a registered California process server.

   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

   (3) ☒ a registered California process server:

   ☐ owner   ☐ employee   ☒ independent contractor.

   (ii)  Registration No.: 2016159739

   (iii)  County: Los Angeles

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: December 14, 2023

George Todd

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

► *George Todd*

(SIGNATURE)

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Exhibit A, Pg. 28

Print this form  Save this form  Clear this form